HOWES v. SPALDING. See note to Case No. 4,043.

HOWES, The MARY A. See Case No. 9,193.

# Case No. 6,791.

## In re HOWLAND.

[2 N. B. R. 357 (Quarto, 114); 1 Chi. Leg. News, 163; 2 Am. Law T. Rep. Bankr. 53.] [1]

District Court, N. D. New York. 1868.

INVOLUNTARY BANKRUPTCY — PETITION AGAINST MARRIED WOMAN—SEPARATE ESTATE.

A petition in involuntary bankruptcy was filed against alleged bankrupt, a married woman, having separate estate, grounded on the non-payment of certain promissory notes of her hand. *Held*, that inasmuch as it did not appear on the face of the notes that it was her intention to bind her separate estate, and there being no allegation that it was given for the benefit of the separate estate, or in course of trade, petition must be dismissed, with permission to amend on payment of costs.

This was an involuntary petition against Mrs. Howland as a married woman. The petition, after the usual allegations of indebtedness, set forth that Mrs. Howland was a married woman, possessed of real and personal property in her own right, separate and apart from her husband; and that, in the execution and delivery of the notes before mentioned, she intended to bind her separate estate, and make the payment thereof a charge upon the same. Upon the return of the order to show cause, F. E. Cornwell, Esq., for the respondent, moved to dismiss the petition on the ground that upon its face it did not show an indebtedness of a character to be a charge upon the separate estate

---

[1] [Reported from 2 N. B. R. 357 (Quarto 114), by permission. 1 Chi. Leg. News, 163, and 2 Am. Law T. Rep. Bankr. 53, contain only partial reports.]

of Mrs. Howland. C. R. Berry, Esq., for the petitioner, argued that the allegations were sufficient, and that since the act of 1862 [Laws N. Y. 1862, p. 343] a married woman might sue and be sued entirely as if unmarried.

HALL, District Judge. That in accordance with the decision of the court of appeals in the case of Yale v. Dederer [68 N. Y. 329], it must either appear upon the face of the note that it was the intention of Mrs. Howland to bind her separate estate thereby, or else that there must be an allegation that the note was given for the benefit of her separate estate. That under the act of 1862 a promissory note given by a married woman engaged in trade and in the course of her business, might be enforced against her separate estate under the same allegations as if she were single. That in this case there was no intention expressed in the note, which is the foundation of the petition, to bind Mrs. Howland's separate estate; and there being no allegation that it was given for the benefit of the separate estate, or in the course of her trading transactions, the petition must be dismissed, with permission to amend in twenty days, on payment of twenty-five dollars costs.